UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TODD PELLE,

     Plaintiff,

  - against -

THE CITY OF NEW YORK, HARRY PELL,
ROBERT MICELI, MICHELE BUTERA,
BRIANT NIXON, MICHAEL WOLOSKI,
JOSE ESPINAL, CHRISTIAN HERNANDEZ,
and "JOHN DOE" #1 and 2, Individually and
in Their Official Capacities,

     Defendants
------------------------------------------------------------------x

13CV8132(RMB)(KNF)

AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

  Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

  1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Derrick Chapman by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the Constitution and the laws of the State of New York.

  2. Plaintiff Todd Pelle is a citizen of the United States who, on the night of August 27 - August 28, 2012, was lawfully present on the sidewalk on Clay Avenue, between 168th Street and 169th Street, in the Bronx, New York, when he was stopped by defendants Harry Pell and two of the other individual defendants, who were New York City police officers, pushed against a gate, and subjected to a search of his underwear, causing him to fear the onset of police brutality and to flee to avoid a beating at the hands of the defendants, and was subsequently set upon and beaten by

defendants Harry Pell, Robert Miceli, Briant Nixon Michael Woloski, Jose Espinal, Christian Hernandez and/or "John Doe" #1 and 2, then arrested on false criminal charges of Resisting Arrest and Disorderly Conduct, transported to the 44th Precinct, where he was imprisoned until he was transferred to Bronx Central Booking, where he continued to be imprisoned until the night of August 28, 2012, when he was arraigned on false criminal charges of Resisting Arrest and Disorderly Conduct and released on his own recognizance. On August 16, 2013, the criminal proceeding against the plaintiff was adjourned in contemplation of dismissal.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Todd Pelle's constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Harry Pell, Robert Miceli, Briant Nixon, Michael Woloski, Jose Espinal and Christian Hernandez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Todd Pelle is an African-American citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Harry Pell is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Harry Pell was acting within the scope of his employment by defendant The City of New York.

11. Defendant Robert Miceli is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Robert Miceli was acting within the scope of his employment by defendant The City of New York.

13. Defendant Michele Butera is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Michele Butera was acting within the scope of her employment by defendant The City of New York.

15. Defendant Briant Nixon is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Briant Nixon was acting within the scope of his employment by defendant The City of New York.

17. Defendant Michael Woloski is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant Michael Woloski was acting within the scope of his employment by defendant The City of New York.

19. Defendant Jose Espinal is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant Jose Espinal was acting within the scope of his employment by defendant The City of New York.

21. Defendant Christian Hernandez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

22. At all times relevant herein, defendant Christian Hernandez was acting within the scope of his employment by defendant The City of New York.

23. Defendants "John Doe" #1 and 2 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

24. At all times relevant herein, defendants "John Doe #1 and 2 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

25. On October 15, 2013, plaintiff Todd Pelle served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

26. Plaintiff Todd Pelle's motion to extend his time to serve a Notice of Claim was granted by an order of New York Supreme Court Justice Larry S. Schachner dated October 31, 2013, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

27. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this complaint as though the same were set forth fully herein.

29. On the night of August 27 - August 28, 2012, plaintiff Todd Pelle was lawfully present on the sidewalk on Clay Avenue, between 168th Street and 169th Street, in the Borough of the Bronx, in the City and State of New York.

30. At the above time and place, defendant Harry Pell, and two of the other individual defendants stopped plaintiff Todd Pelle and pushed him against a gate.

31. Plaintiff Todd Pelle had not engaged in and was not engaged in any criminal activity.

32. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Todd Pelle.

33. Upon information and belief, defendant Harry Pell and two of the other individual defendants stopped plaintiff Todd Pelle because the plaintiff is black.

34. One of the individual defendants pulled plaintiff Todd Pelle's pants and underwear below the plaintiff's buttocks.

35. Having been stopped although he had not committed any crime, and having been subjected to an unlawful strip search on a public sidewalk, plaintiff Todd Pelle feared that he was about to be beaten by the defendants and fled.

36. Several of the individual defendants thereupon chased plaintiff Todd Pelle.

37. Upon locating plaintiff Todd Pelle, defendant Harry Pell and other individual defendants surrounded the plaintiff and struck him repeatedly with batons.

38. One of the individual defendants then handcuffed plaintiff Todd Pelle's wrists.

39. Defendants Harry Pell, Robert Miceli and/or other individual defendants arrested plaintiff Todd Pelle on false charges of Resisting Arrest and Disorderly Conduct.

40. The defendants subsequently transported plaintiff Todd Pelle to the 44th Precinct, where the plaintiff was imprisoned.

41. Plaintiff Todd Pelle was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

42. On the evening of August 28, 2012, plaintiff Todd Pelle was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

43. On August 16, 2013, the criminal charges brought against plaintiff Todd Pelle were adjourned in contemplation of dismissal.

## COUNT ONE
## UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. §1983

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though the same were set forth fully herein.

45. The defendants lacked a reasonable suspicion that plaintiff Todd Pelle had engaged in, was engaged in, or was about to engage in criminal activity.

46. The defendants lacked a reasonable belief that plaintiff Todd Pelle had a weapon concealed on his person.

47. Upon information and belief, defendant Harry Pell and two of the other individual defendants stopped and searched plaintiff Todd Pelle on the night of August 27 - 28, 2012 because

of his race.

48. The stop and search of plaintiff Todd Pelle by defendant Harry Pell and other individual defendants on the night of August 27 - 28, 2012, violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the Untied States.

49. Defendant Harry Pell and the other individual defendants were acting under color of state law when they stopped and searched plaintiff Todd Pelle on the night of August 27 - 28, 2012.

50. Defendant Harry Pell and other individual defendants deprived plaintiff Todd Pelle of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by stopping and searching plaintiff Todd Pelle.

51. As a result of the stop and search of plaintiff Todd Pelle by defendant Harry Pell and other individual defendants, the plaintiff suffered embarrassment, humiliation and emotional distress.

## COUNT TWO
## PUBLIC STRIP SEARCH UNDER 42 U.S.C. §1983

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this complaint as though the same were set forth fully herein.

53. The partial removal and search into plaintiff Todd Pelle's pants and undergarment constituted a partial strip search.

54. The partial removal and search into plaintiff Todd Pelle's pants and undergarment in public view was not reasonable.

55. The partial strip search of plaintiff Todd Pelle in a public place violated his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

56. Defendant Harry Pell and the other individual defendants who stopped plaintiff Todd Pelle were acting under color of state law when they subjected plaintiff Todd Pelle to a partial strip search in a public place.

57. Defendant Harry Pell and the other individual defendants who stopped plaintiff Todd Pelle deprived plaintiff Todd Pelle of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Todd Pelle to a partial strip search in a public place.

58. As a result of the partial strip search of plaintiff Todd Pelle in a public place by defendant Harry Pell and other individual defendants, the plaintiff suffered embarrassment, humiliation and emotional distress.

## COUNT THREE
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as though the same were set forth fully herein.

60. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 used excessive and unreasonable force against plaintiff Todd Pelle.

61. The level of force used by defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 against

plaintiff Todd Pelle was objectively unreasonable.

62. The use of excessive force by defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 deprived plaintiff Todd Pelle of his right to be secure in his person.

63. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 were acting under color of state law when they used excessive force against plaintiff Todd Pelle.

64. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 deprived plaintiff Todd Pelle of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

65. As a result of the defendants' use of excessive force, plaintiff Todd Pelle sustained physical injuries.

66. As a result of the defendants' use of excessive force, plaintiff Todd Pelle experienced pain, physical and emotional distress, hardship and anxiety, and incurred expenses for medical treatment.

## COUNT FOUR
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. The seizure, arrest, and imprisonment of plaintiff Todd Pelle on the night of August 27 - August 28, 2012, were made without any warrant or other legal process directing or authorizing

his seizure, arrest, or imprisonment.

69. The charges upon which defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 arrested plaintiff Todd Pelle were false.

70. The charges were made by defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 against plaintiff Todd Pelle with knowledge that they were false.

71. Plaintiff Todd Pelle was aware of his seizure, arrest, and imprisonment by defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2.

72. Plaintiff Todd Pelle did not consent to his seizure, arrest or imprisonment.

73. As a result of the foregoing, plaintiff Todd Pelle was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

74. The seizure, arrest and imprisonment of plaintiff Todd Pelle by defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 on the night of August 27 - 28, 2012, deprived the plaintiff of his right to be free of unlreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

75. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 were acting under color of state law when they seized, arrested and imprisoned plaintiff Todd Pelle on the night of August 27 - 28, 2012.

76. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 deprived plaintiff Todd Pelle of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Todd Pelle on a false criminal charge.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

77. Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

79. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

80. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching individuals, without a basis to believe they had engaged, were engaging or were about to engage in criminal activity, in violation of the Fourth Amendment of the Constitution of the United States.

81. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching black individuals on the basis of their race in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

82. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York are demonstrated by the findings and holding in the decision of the Court dated August 12, 2013 in *Floyd v. The City of New York*, 08 Civ 1034, 2013 WL 4046209.

83. The adoption of a policy, practice and/or custom of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and to stop and search individuals on the basis of their race constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

84. The stop and search of plaintiff Todd Pelle on the night of August 27 - 28, 2012 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

85. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

86. Defendant The City of New York deprived plaintiff Todd Pelle of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth

Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

87. Plaintiff incorporates by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez and "John Doe" #1 and 2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

89. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

90. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

91. Nevertheless, defendant The City of New York exercised deliberate indifference to the rights of persons with whom its police officers come into contact by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly

retained and utilized them.

92. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Todd Pelle would be violated.

93. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Todd Pelle.

94. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

95. Defendant The City of New York deprived plaintiff Todd Pelle of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest on of plaintiff Todd Pelle on a false criminal charge on the night of August 27 - August 28, 2012.

## COUNT SEVEN
## COMMON LAW ASSAULT AND BATTERY

96. Plaintiff incorporates by reference paragraphs 1 through 95 of this Complaint as though the same were set forth fully herein.

97. Defendant Harry Pell, two of the other individual defendants and defendant The City of New York committed an assault and battery on the person of plaintiff Todd Pelle on the night of August 27 - August 28, 2012, by pushing the plaintiff against a gate.

98. As a result of the foregoing, plaintiff Todd Pelle experienced pain, physical and emotional distress, and anxiety.

## COUNT EIGHT
## COMMON LAW ASSAULT

99. Plaintiff incorporates by reference paragraphs 1 through 98 of this Complaint as though the same were set forth fully herein.

100. Defendant Harry Pell, two of the other individual defendants and defendant The City of New York committed an assault on the person of plaintiff Todd Pelle on August 27 - August 28, 2012, by pulling his pants and underwear below his buttocks.

101. As a result of the foregoing, plaintiff Todd Pelle experienced physical and emotional distress, and anxiety.

## COUNT NINE
## COMMON LAW ASSAULT AND BATTERY

102. Plaintiff incorporates by reference paragraphs 1 through 101 of this Complaint as though the same were set forth fully herein.

103. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez, "John Doe" #1 and 2 and The City of New York committed an assault and battery on the person of plaintiff Todd Pelle on the night of August 27 - August 28, 2012 by striking the plaintiff with batons and kicking the plaintiff.

104. As a result of the foregoing, plaintiff Todd Pelle experienced pain, physical and emotional distress, hardship and anxiety, and incurred expenses for medical treatment.

## COUNT TEN
## COMMON LAW ASSAULT AND BATTERY

105. Plaintiff incorporates by reference paragraphs 1 through 104 of this Complaint as though the same were set forth fully herein.

106. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez, John Doe" #1 - 4 and The City of New York committed an assault and battery on the person of plaintiff Todd Pelle on the night of August 27 - August 28, 2012 by handcuffing the plaintiff.

107. As a result of the foregoing, plaintiff Todd Pelle experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT ELEVEN
## COMMON LAW FALSE IMPRISONMENT

108. Plaintiff incorporates by reference paragraphs 1 through 107 of this Complaint as though the same were set forth fully herein.

109. Defendants Harry Pell, Robert Miceli, Michele Butera, Briant Nixon, Michael Woloski, Jose Espinal, Christian Hernandez, "John Doe" #1 - 4 and The City of New York falsely imprisoned plaintiff Todd Pelle on the night of August 27 - August 28, 2012 by seizing, arresting and imprisoning him on false criminal charges.

110. As a result of the foregoing, plaintiff Todd Pelle was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Todd Pelle compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Todd Pelle punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
June 27, 2014

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880
malaw485@yahoo.com